IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES BARNES                                                                                          PLAINTIFF

VS.                                    CASE NO. 4:16cv00750 JLH

MARNIE OLDNER; KEVIN COMPTON;
STONE BANCSHARES, INC.;
J.T. COMPTON; NICK ROACH;
and DAVID DUNLAP                                                                              DEFENDANTS

**DEFENDANT COMPTONS' BRIEF IN SUPPORT OF
MOTION TO DIMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff filed a Complaint and each of the Defendants filed Motions to Dismiss. In response, within 21 days of the filing of the Motions to Dismiss, Plaintiff filed an Amended Complaint. Plaintiff, again with his Amended Complaint, seeks federal jurisdiction 28 U.S.C.A. §1331 (Count 1) and 28 U.S.C. §1367 (Counts 2-5)  by attempting to turn a claim, as a former bank officer, director and shareholder, for removal as a Ozark Heritage Bank (OHB) officer, director and shareholder, into a violation of §10(b) of the Securities Act of 1934 (15 U.S.C.A. §78 j) claim.

**FACTS**

Plaintiff's Amended Complaint against the Defendants alleging five (5) separate causes of action.  They are:  Count 1: Violation of Securities Exchange Act of 1934; Count 2: Violation of the Arkansas Deceptive Trade Practices Act; Count 3:  Breach of Fiduciary Duty; Count 4: Violation Arkansas State Securities Act; and, Count 5:  Conspiracy.  Based on 28

U.S.C.A. §1331, Plaintiff claims jurisdiction because he alleges that Defendants violated 15 U.S.C.A. §78(b). §10(b) of the Securities Exchange Act of 1934  As to Counts 2-5, Plaintiff claims supplemental jurisdiction found under 28 U.S.C.A. §1367.  (See paragraph 10 of Plaintiff's Amended Complaint.)   Pursuant to FRCP Rule 15, Plaintiff, within 21 days of the filing of Defendant's Motions to Dismiss, filed an amended complaint.  Plaintiff's obvious intent, by filing the Amended Complaint,  was to circumvent Defendant's objections contained in Defendant Compton's Motion to Dismiss. As stated in Defendant Compton's prior motion to dismiss and it again states in its renewed Motion to Dismiss, Plaintiff's  Amended Complaint must be dismissed because he did not file, within two years of discovery per 28 U.S.C.A. § 1658(b) of the alleged deception, his Complaint.    The gist of Defendant Compton's argument is the Amended Complaint didn't cure the flaws of Plaintiff's §10(b) of the Securities Act of 1934 (15 U.S.C.A. §78 j) claim.   Plaintiff's Amended Complaint is, in essence, a polished up version of the Complaint.  But, like an old car whose paint has faded, you can't add polish to make the car paint look new.  Or, to paraphrase Shakespeare, "A rose is a rose, is a rose..." And, as such, FRCP Rule 12(b)(6) , requires Count 1 of Plaintiff's Complaint to dismissed for it fails to state facts upon which to be base a cause of action.   Plaintiff's remaining claims, Counts 2-5, are brought pursuant supplemental jurisdiction 28 U.S.C.A. 1367. The Court should, upon dismissal of Count 1, as to Counts 2-5, decline jurisdiction and dismiss these claims per FRCP Rule 12(b)(1) and 28 U.S.C.A. §1367(c) (4).

  Plaintiff, as a former President, largest shareholder and Chairman of OHB (paragraph 2 and 14), succinctly stated, is attempting to seek redress for his resignation as President and Chairman of the OHB board and sale of his OHB stock. The initial paragraph of the Amended Complaint (Paragraph 1) demonstrates Plaintiff's claim s is really a state law claim.    Plaintiff

alleges that he has claims: … "related to Barnes' financial privacy, and Defendants' unconscionable and deceptive conducts as fiduciaries, arising from Defendants misappropriation of Barnes' proprietary financial information…In paragraph 14, Plaintiff alleges: "These $50,000 loans were part of J.T. Compton's scheme to remove Barnes, in order to ultimately gain control OHB." (See also paragraphs15,16,17,2122,23,24,25,26,27,28,29,30,33,34,35,36,39,43 and 48 all, in one form or another, allege a scheme to remove Plaintiff as a director and gain control of OHB.)

In paragraph 36 of Plaintiff's original complaint, whose allegations are still binding upon Plaintiff, Plaintiff states the sale of his stock to Defendant Compton finally closed in mid-2014 though Plaintiff noted, in the same paragraph, the execution of the stock purchase agreement took place March 23, 2014. Then, mindful of Defendant Compton's Motion to Dismiss, Plaintiff amends his allegations by saying, in paragraph 40 of the Amended Complaint, the "involuntary" sale didn't close until "mid-to-late 2014" and goes on to question whether or not a written stock agreement existed and, if it did, there was an attempt to "back-date" it. Within paragraph 40, the allegations are replete with the words defraud, deception, oppression, concealment and manipulation without any reference to any specific act, by Compton, which was fraudulent, oppressive, deceptive, concealing or manipulative.

## **ARGUMENT**

As to sufficiency of Plaintiff's Complaint in the context of allegation relating to Exchange Act of 1934 allegations, *McAdams v. McCord*, 2007 U.S. Dist. LEXIS 22550, at *9-11, (W.D. Ark. 2007) ; afir/m *McAdams v. McCord* 584 F. 3d 1111 (8th Cir. 2009) is particularly instructive. There the court said:

> The Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737 (the Reform Act 15 U.S.C. § 78u-4(b)(3)) dictates a modified analysis

of a Motion to Dismiss … because of special heightened pleading rules. As always, the Court must view the factual allegations in the light most favorable to the plaintiff, *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997), but at the same time, in the context of securities fraud, must "disregard 'catch-all' or 'blanket' assertions that do not live up to the particularity requirements of the [Reform Act]," *Florida State Bd. of Admin. v. Green Tree*, 270 F.3d 645, 660 (8th Cir. 2001). *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 741 (8th Cir.2002) (citing 15 U.S.C. §§ 78j, 78t(a); 17 C.F.R. § 240.10b-5). "Complaints brought under Rule 10b-5 and section 10(b) are governed by special pleading standards adopted by Congress in the [Reform Act]. These pleading standards are unique to securities and were adopted in an attempt to curb abuses of securities fraud litigation." Navarre Corp., 299 F.3d at 741. Congress enacted two heightened pleading requirements in the Reform Act. First, the Reform Act requires the plaintiff's complaint to specify each misleading statement or omission and specify why the statement or omission was misleading. 15 U.S.C. § 78u-4(b)(1) (Supp. IV 1998). If the allegation "is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." Id. Similarly, Rule 9(b) of the Federal Rules of Civil Procedure has long required that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Pursuant to 28 U.S.C.A. § 1658(b), which was enacted as part of the Sarbanes-Oxley Act a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934, may be brought not later than the earlier: 1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation.

The question of when does the discovery period, 28 U.S.C.A. § 1658(b), commence has not been decided by an 8th Circuit decision. However, *Benak v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396 (3rd Cir. 2007) has been cited with frequency. In discussing when the time period commences the *Bernak* Court said when: "sufficient information of possible wrongdoing to place them on 'inquiry notice' or to excite 'storm warnings' of culpable activity." And, "test for 'storm warnings is an objective one, based on whether a 'reasonable investor of ordinary intelligence would have discovered the information and recognized it as a storm warning." Id.at

400 (quoting *In re Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, 543 F.3d 150 (3rd Cir. 2008)).

Plaintiff has stated, in his original Complaint, that the stock purchase agreement was dated March 23, 2014 and it closed in md-year 2014. In his Amended Complaint, Plaintiff attempts to gloss over those allegations ( paragraph 40 of the Amended Complaint) by now stating the stock sale closing may have taken place later in 2014 and the stock purchase agreement date may have been "back dated". However, Plaintiffs alleges no facts showing the 2 year period didn't end prior to October, 2016. Plaintiff alleges he didn't know of facts until his 2015 bankruptcy. Well, that isn't the law. The key date is when Plaintiff would have been put on notice. *In re Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, supra The time period, per 28 U.S.C.A. § 1658(b), commenced, at worst, in September, 2014 when, as described by Plaintiff in his own Complaint and Amended Complaint, he had been, for months, pressured to be removed as a OHB director, sell his OHB stock and the stock transaction closed. But, irrespective of this, Plaintiff's Complaint and Amended Complaint both refer to Plaintiff's knowledge of OMB's past—he was past chairman of the board, founder and former largest single shareholder. As such, Plaintiff was clearly on notice that he was being requested to resign as an OHB director and Compton was willing to buy his OHB stock. Not being a novice of OHB affairs, he was on notice regarding the what, why and when of the proposed sale transactions—which he has admitted he agreed, though unwilling, to sell. As was noted in Defendant Compton's previous brief, the storm warnings were out and Plaintiff had a duty to investigate. *Benak v. Alliance Capital Mgmt. L.P.,* supra. The commencement date of the statute of limitations was either the stock purchase date of March, 2014 or the closing date-June, July, August, September or October, 2014. Plaintiff's filing of the Complaint, some 27 months after his admitted closing

date, render the Complaint and Amended Complaint time barred. 28 U.S.C.A. § 1658(b) Per FRCP Rule 12(b) (6), Count 1 of Plaintiff's Complaint should be dismissed for failing to state claim upon which relief can be granted.

As the United States Supreme Court stated in *Cort v. Ash* 422 U.S. 66, 84 (1975), as cited in *Santa Fe Industries v. Green* 97 S. Ct. 1292, 1303 (1977): "Corporations are creatures of state law and investors commit their funds to corporate directors on the understanding, that, except where federal law expressly requires certain responsibilities of directors with respect to stockholders, state law will cover the internal affairs of the corporation."

Beyond all of this is the nature of Plaintiff's claims. As paragraph 52 of the Amended Complaint states: "The false statements of Defendants regarding Defendants false promise that they would work with Barnes on his loans…", together with his unsupported alleges of fraudulent concealments and commissions, caused Plaintiff "to cooperate with Defendants and "go peacefully" from OHB" and left Plaintiff, "with no choice but to sell his OHB shares to Defendant Compton (below fair value) or else "loose (sic) the farm" and its equity…" (Paragraph 48) All the allegations are no different than, as *Santa Fe Industries v. Green*, supra when minority shareholder complained they were forced to sell their stock and were upset with the price they received. There, as here, the shareholders had state law remedies available. And, as the U.S. Supreme Court decided in *Santa Fe* supra Plaintiff should not be supplied, by judicial extension, a claim under §10(b) and SEC Rule 10b-5 to 'cover the corporate universe.'

Similarly, *Kirtz v. Wiggin* 483 F. Supp. 148, 151 (EDED Mo 1980) 1980 U.S. Dist. LEXIS 9870, in another merger case, the District Court stated: "It appears to be plaintiffs' theory that by charging, as they now do, that the actions of the Wiggins constitute "deceptive or

manipulative devices" within the purview of Section 10(b) of the Securities Exchange Act of 1934 (Section 78j(b), 15 U.S.C. and Rule 10b(5) of the Securities Exchange Commission) …

> … the facts in this case come within the rationale of *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S. Ct. 1292, 51 L. Ed. 2d 480 (1977). Therein, the Supreme Court held that a breach of corporate fiduciary duty involving fiduciary self-dealing was not within the purview of Section 10(b). Here, as in *Santa Fe*, the alleged conduct was not "manipulative" within the meaning of the statute. "The term refers generally to practices, such as wash sales, matched orders, or rigged prices, that are intended to mislead investors by artificially affecting market activity." 430 U.S., at 476, 97 S. Ct., at 1302. The mere fact, if so, that plaintiffs, as minority stockholders, had not theretofore been told nor were aware of the alleged self-dealing may not be equated with "deceptive practices" or "omissions" in the Section 10(b) sense. As in *Santa Fe*, present plaintiffs were afforded by Missouri law a forum …

Likewise, Plaintiff's claims of fraudulent concealment and self-dealing are all the garden variety of claims, by a minority shareholders, against a board of directors for breach of fiduciary duty—not securities fraud. Plaintiff's claims have redress in Arkansas state court and afford Plaintiff, if proved, the necessary relief for those claims. Plaintiff can't, in attempt to acquire federal jurisdiction for his claims, allege securities fraud for what, Plaintiff claims, amounts to overreaching or self-dealing by officers/directors. As such, FRCP Rule 12(b)(6) requires dismissal of Count 1 because it fails to state a claim upon which relief can be granted.

The Plaintiff claims jurisdiction under 28 U.S.C.A. §1331 for its federal securities clam and 28 U.S.C. §1367 for its state law claims. Defendant Compton does not challenge the court's jurisdiction, with respect to Plaintiff's state law claims, unless the Court grants Defendant Compton's motion to dismiss. If so, then Defendant notes that 28 U.S.C.A. §1367 ( c) states:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) **the district court has dismissed all claims over which it has original jurisdiction**, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. **(emphasis mine)**

Under 28 U.S.C. § 1367 (c)(3), a district court may decline jurisdiction over supplemental claims if it: "has dismissed all claims over which it has original jurisdiction . . . . a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.". *Lindsey v. Dillard's, Inc.,* 306 F.3d 596 (8th Cir. 2002); *Scroggins v. McGee*, 2011 U.S. Dist. LEXIS 102654306, at ¶23 (E.D. Ark. 2002) also, *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 637 (8th Cir. 2003). As to Plaintiff's Amended Complaint Counts 2-5, the Court should decline jurisdiction (28 U.S.C.A. §1367(c) (4)) and dismiss per FRCP Rule 12(b)(1).

## CONCLUSION

Plaintiff's Amended Complaint, like putting lipstick on a pig, doesn't change Plaintiff's claims. Count 1 is time barred (28 U.S.C.A. § 1658(b)) and must be dismissed for failing to state a claim upon which relief can be granted—FRCP Rule 12(b)(6). Similarly, Count 1 is a shareholder claim for various alleged breaches of fiduciary duty by officer and directors which is masked as §10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. §78 j) claim. Irrespective of whether or not Plaintiff's claim is time barred, Count 1 fails to state a claim upon

which relief can be granted—FRCP Rule 12(b)(6) and must be dismissed. Finally, the Court should decline jurisdiction, as to Counts 2-5 (28 U.S.C.A. §1367(c) (4)) and, per FRCP Rule 12(b)(1), dismiss Plaintiff's Counts 2-5 state law claims.

                                                    Respectfully submitted,

                                                    /s/Richard C. Downing_____
                                                    Richard C. Downing, Bar No. 74038
                                                    James House & Downing, P.A.
                                                    Post Office Box 3585
                                                    Little Rock, Arkansas 72203-3585
                                                    (501) 372-6555 – Telephone
                                                    (501) 372-6333 – Facsimile
                                                    rcdowning@jamesandhouse.com

### CERTIFICATE OF SERVICE

I, Richard C. Downing, do hereby certify that a copy of the foregoing pleading has been served upon the following counsel of record by U.S. First Class Mail and/or electronic mail on the 5th day of January, 2017

| | |
|---|---|
| James H. Penick, III<br>EICHENBAUM LILES P.A.<br>124 West Capitol, Suite 1400<br>Little Rock, Arkansas 72201<br>(501) 376-4531 – Telephone<br>(501) 376-8433 – Facsimile<br>jpenick@elhlaw.com | John E. Pruniski, III<br>Hilburn Calhoon Harper Pruniski &<br>Calhoun LTD.<br>1 Riverfront Place, Suite 850<br>North Little Rock, Arkansas 72114<br>(501) 372-0110 – Telephone<br>(501) 372-2029 – Facsimile<br>jpruniski@hilburnlawfirm.com |

                                                    /s/Richard C. Downing_____
                                                    Richard C. Downing